**Court of Appeals**
**Fourth Court of Appeals District of Texas**
**San Antonio**



★ ★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

No. 04-09-00506-CV

**PM MANAGEMENT - WURZBACH NC, LLC D/B/A TRISUN CARE CENTER WURZBACH**,
Appellant

v.

Betty **JONES** as Next Friend of Roberta Roberts,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-00771
Honorable David Berchelmann, Judge Presiding

Opinion by:     Rebecca Simmons, Justice

Sitting:        Catherine Stone, Chief Justice
                Rebecca Simmons, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  February 3, 2010

AFFIRMED

This accelerated interlocutory appeal arises from a healthcare liability claim filed by Appellee Betty Jones, as next friend of Roberta Roberts.  The issue is whether the trial court abused its discretion in concluding that Jones' expert report complies with the requirements of section 74.351 of the Texas Civil Practice and Remedies Code.  We affirm the judgment of the trial court.

## BACKGROUND

Jones filed suit on January 16, 2009 against Appellant PM Management—Wurzbach NC, LLC d/b/a TRISUN Care Center—Wurzbach ("TRISUN"), alleging negligence in the medical care and treatment of Roberts. Jones alleged that Roberts, a resident of TRISUN in June 2008, fell and broke her hip as a result of TRISUN's failure to adequately care for her. After Jones served TRISUN with the expert report of Dr. Michael Zeitlin, TRISUN filed a motion to dismiss asserting that the report failed to comply with the statutory requirements of section 74.351. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (Vernon 2005). The trial court denied the motion to dismiss. In a single issue on appeal, TRISUN claims the trial court abused its discretion in denying the motion to dismiss because Jones' expert report failed to establish that Dr. Zeitlin is properly qualified to offer expert opinions concerning: (1) the applicable standard of care; and (2) the cause of Roberts' injury.

## STANDARD OF REVIEW

An appellate court reviews a trial court's decision regarding the adequacy of an expert report under an abuse of discretion standard. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). An abuse of discretion occurs when a trial court "acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Id.* We may not substitute our judgment for the trial court's judgment. *Id.* Furthermore, an appellate court may not determine the trial court abused its discretion merely because we would have decided the matter differently. *See Clayton v. Moore*, 224 S.W.3d 440, 444 (Tex. App.—Dallas 2007, no pet.).

### DR. ZEITLIN'S QUALIFICATIONS

TRISUN argues that Dr. Zeitlin is not qualified to provide the opinion expressed in his report because the report failed to show that Dr. Zeitlin possessed the particular knowledge, skill, experience, training or education to provide an opinion on the standard of care and proximate cause of the alleged injury. Specifically, TRISUN complains that Dr. Zeitlin's curriculum vitae ("CV") is inaccurate, that his board certification in family practice has lapsed, and likewise, that he no longer retains the special certification in geriatrics. Jones responds that this court may not look outside the expert's report to determine its adequacy.

A person may qualify as an expert witness on whether a health care provider departed from the standard of care only if that person: (1) is practicing health care in a field of practice that involves the same type of care or treatment at the time such testimony is given or was practicing that type of health care at the time the claim arose; (2) has knowledge of the accepted standards of care involved in the case; and (3) is qualified on the basis of training or experience to offer an expert opinion regarding those accepted standards of medical care. TEX. CIV. PRAC. & REM. CODE ANN. § 74.402(b) (Vernon 2005). In addition, the court must consider whether, at the time the claim arose or at the time the testimony is given, the witness is board certified or has other substantial training or experience in an area of medical practice relevant to the claim, and is actively participating in rendering medical care relevant to the claim. *Id*. at § 74.401(c).

TRISUN argues that Dr. Zeitlin is no longer board certified in family or geriatric medicine. However, we need not decide whether we can look outside the expert report in a case such as this because the expert report reflects substantial training or experience in the area of geriatric practice relevant to this claim. *See id*. Even if we assume that Dr. Zeitlin's board

certifications have lapsed, his training and experience make him sufficiently qualified in this case.

According to the expert report, Dr. Zeitlin's practice has been focused on geriatric medicine, and he is the author of several articles relating to that subject. His resume reflects post-graduate training and certification in the area of geriatrics and care of the elderly. We note that Dr. Zeitlin's experience in geriatric medicine, as set forth in his CV, is significant and he continues to be on staff at St. Francis Nursing Home and was on staff with Promise Long Term Acute Care Hospital and Innova Hospital at the time of the event.[1] His employment history reflects several positions devoted to the provision of care to the elderly, in both private practice and in residential settings. Dr. Zeitlin states that he has been involved in patient care management, quality assurance management, and interdisciplinary activities pertaining to nursing care. He also has been a geriatrician consultant to the Bexar County Medical Society and multiple senior wellness centers. As a consequence, the statement in his report that he is familiar with the standard of care applicable to doctors and nurses providing care to patients in a nursing home setting is supported by his CV and report. Dr. Zeitlin further provides in his report that he has supervised treatment and care of patients in nursing home facilities like TRISUN to patients like Roberts who suffered a broken hip as the result of a fall. As someone who cares for geriatric patients, Dr. Zeitlin has the requisite skill and knowledge to opine that because Roberts was at a high risk for falls, she should not have been left alone for long periods of time in a place where she was likely to fall and hurt herself.

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.402(c) (Vernon 2005) ("In determining whether a witness is qualified on the basis of training or experience, the court shall consider whether, at the time the claim arose or at the time the testimony is given, the witness: (1) is certified by a licensing agency of one or more states of the United States or a national professional certifying agency, or has other substantial training or experience, in the area of health care relevant to the claim; and (2) is actively practicing health care in rendering health care services relevant to the claim.")

We, therefore, conclude that Dr. Zeitlin's qualifications, as set forth in his report and CV, sufficiently qualify him to opine on the accepted standards of care, applicable to TRISUN and the nurses caring for Roberts, and the alleged breach of that standard of care. Likewise, Dr. Zeitlin's qualifications qualify him to opine on the cause of Roberts' injuries. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.401(c). We affirm the trial court's order denying TRISUN's motion to dismiss.

Rebecca Simmons, Justice